UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

CIVIL ACTION NO. 05-124-PEP

COLLEEN FIELDS,                                                                                  PLAINTIFF,

V.            **MEMORANDUM OPINION**
              **AND ORDER**

JO ANNE B. BARNHART,
Commissioner of Social Security,                                                         DEFENDANT.

## I.  INTRODUCTION

Plaintiff, Colleen Fields, has brought this action under 42 U.S.C. § 405(g) to challenge a final decision of the Defendant Commissioner denying Plaintiff's application for supplemental security income.  This matter has been referred to the undersigned for decision and entry of final judgment by virtue of the parties' consent pursuant to 28 U.S.C. § 636(c)(1).  Now ripe for decision on the parties' motions for summary judgment, and for the reasons set forth herein, Plaintiff's motion for summary judgment shall be denied, Defendant Commissioner's motion for summary judgment shall be granted, and Judgment shall be entered affirming the final decision of the Defendant Commissioner.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for supplemental security income on March 4, 2003.[1] (Tr. 76-79.) The claim was denied initially and on reconsideration. (Tr. 57-60, 62-64.) At Plaintiff's request, an administrative hearing, presided by Administrative Law Judge Don C. Paris (hereinafter "ALJ"), was conducted on March 15, 2004. (Tr. 628-659.) Plaintiff, accompanied by her attorney, testified at the hearing. (Id.) Also testifying was vocational expert Leah P. Salyers (hereinafter "VE"). (Id.) On August 10, 2004, the ALJ issued an adverse administrative decision. (Tr. 10-21.) The ALJ found that Plaintiff was not disabled and therefore did not qualify for supplemental security income. (Id.) The Appeals Council declined to review the ALJ's decision (Tr. 5-7) and Plaintiff now seeks judicial review.

Plaintiff was forty-four years old at the time of the administrative decision. (Tr. 18.) Plaintiff holds a General Equivalency Degree and her past relevant work experience consists of employment as a cook, cashier, and restaurant assistant manager. (Tr. 82, 87, 177.)

At the first step of the sequential evaluation process, see generally 20 C.F.R. §

---

[1] Plaintiff filed one previous application for supplemental security income on April 10, 2002. (Tr. 73-75.) The claim was denied initially and on reconsideration. (Tr. 38-41, 44-47.) Thereafter, Plaintiff filed a request for a hearing before an Administrative Law Judge. (Tr. 48.) On November 25, 2002, Plaintiff's claim was dismissed for failure to appear at the properly noticed hearing, see 20 C.F.R. § 416.1457(b)(1). (Tr. 34-35.)

416.920, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since June 15, 1994, the alleged onset date of disability. (Tr. 19.) At the second step, the ALJ found that Plaintiff's exogenous obesity and degenerative disc disease of the cervical spin and lumbar spine with chronic neck and back pain were severe within the meaning of the Regulations, see 20 C.F.R. § 416.920(c). (Tr. 19.) However, the ALJ determined that Plaintiff's headaches, diabetes mellitus Type II, essential hypertension, obstructive sleep apnea, asthma, and affective disorder were non-severe impairments, see 20 C.F.R § 416.921. (Tr. 15.) At the third step, the ALJ found that Plaintiff's medically determinable impairments did not meet or medically equal an impairment in the Listings, see generally 20 C.F.R. pt. 404, subpt. P, app. 1. (Tr. 20.) At the fourth step, the ALJ found that Plaintiff was unable to perform any of her past relevant work, see 20 C.F.R. § 416.965(a). (Tr. 20.)

At the fifth and final step, relying on the testimony of the VE and taking into consideration the Plaintiff's age, educational background, past relevant work experience, and residual functional capacity (hereinafter "RFC")[2], the ALJ found that

---

[2] An RFC is the assessment of the claimant's maximum remaining capacity to perform work related activities despite the physical and mental limitations caused by the claimant's disability. 20 C.F.R. § 416.945(a)(1); see also Hickey-Haynes v. Barnhart, 2004 U.S. App. LEXIS 25567 at *20 (6th Cir. Dec. 1, 2004); Brown v. Comm'r of Soc. Sec., 2001 U.S. App. LEXIS 708 at *11 (6th Cir. Jan. 12, 2001). In the instant case, the ALJ assessed the following RFC:

> [Plaintiff] retains the residual functional capacity to occasionally lift twenty pounds and frequently lift ten pounds. [Plaintiff] is able to stand and/or walk for six hours

Plaintiff was capable of making a successful adjustment to work existing in substantial numbers in the national economy.[3] (Tr. 18-20.) Accordingly, the ALJ found Plaintiff not disabled at step five of the sequential evaluation process. See 20 C.F.R. § 416.920(g).

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on March 3, 2005. (Tr. 5-7.) Plaintiff thereafter filed this action. By virtue of the parties' stipulations of consent (Record No. 6), this matter is before the undersigned for decision upon the parties' motions for summary judgment (Record Nos. 11 and 12), which are now ripe for review.

---

      in an eight-hour workday and sit for six hours in an eight-hour workday. [Plaintiff] can no more than frequently climb ramps and stairs and she can never climb ladders, ropes, or scaffolds. [Plaintiff] can occasionally stoop, kneel, crouch, and crawl. [Plaintiff] can no more than frequently reach overhead and she must avoid full body vibration and hazards because of her obesity.

(Tr. 20.)

   [3] Although not per se required, the testimony of a VE is the preferred method of supporting a finding that a claimant is capable of making an adjustment to work found in substantial numbers in the national economy. See Janik v. Sec'y of Health & Human Servs., 1988 U.S. App. LEXIS 17043 at *12 (6th Cir. Dec. 14, 1988); Hooper v. Sec'y of Health & Human Servs., 1984 U.S. App. LEXIS 13538 at *9 (6th Cir. Dec. 3, 1984); O'Banner v. Sec'y of Health, Educ., & Welfare, 587 F.2d 321, 323 (6th Cir. 1978). In the instant case, at the light exertional level, the VE identified companion to the elderly or disabled (120,000 jobs nationally and 7,000 jobs in the region of Kentucky, Ohio, and West Virginia) and unskilled clerk (100,000 nationally and 500 regionally) as jobs that an individual of Plaintiff's age, educational background, work experience, and assumed limitations could perform. At the sedentary exertional level, the VE identified non-emergency dispatcher (85,000 nationally and 4,200 regionally) and unskilled clerk (95,000 nationally and 4,800 regionally). (Tr. 656-657.)

III. ANALYSIS

A.  General Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision finding Plaintiff not disabled is supported by substantial evidence.  42 U.S.C. § 405(g); Abbott v. Sullivan, 905 F.2d 918, 922 (6th Cir. 1990); see also Jones v. Sec'y of Health & Human Servs., 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  Substantial evidence is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  Garner v. Heckler, 745 F.2d 383, 388 (6th Cir. 1984).

Furthermore, the Commissioner's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way."  Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir.1993); see also Her v. Comm'r of Soc. Sec., 203 F.3d 388, 389-90 (6th Cir. 1999).  The substantial evidence standard presupposes that there is a "zone of choice" within which the Commissioner may proceed without interference from the courts.  Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986).  If the Commissioner's

decision is supported by substantial evidence, a reviewing court must affirm. Kirk v. Sec'y of Health & Human Servs., 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983); Studaway v. Sec'y of Health & Human Servs., 815 F.2d 1074, 1076 (6th Cir. 1987). Finally, "[t]he court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." Bradley v. Sec'y of Health & Human Servs., 862 F.2d 1224, 1228 (6th Cir. 1988) (citing Gaffney v. Bowen, 825 F.2d 98, 100 (6th Cir.1987)).

### B.  Plaintiff's Contentions on Appeal and Analysis

On appeal to this Court, Plaintiff's sole argument is that the ALJ erred by failing to provide a basis for rejecting the opinion of Plaintiff's treating neurologist. Plaintiff specifically refers to a hand written note dated March 4, 2004 and authored by Dr. Alexander Tikhtman. The note reads "[p]lease excuse [Plaintiff] from work through April 23, 2004. Any questions can be directed to our office at 859 276 6168." (Tr. 626.) Plaintiff argues that the ALJ's failure to discuss this note and failure to set forth some basis for rejecting the opinion that it embodies constitutes reversible error.

The Regulations provide a framework for the evaluation of opinion evidence. With regard to treating source opinion evidence, the applicable Regulation provides:

> If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we

will give it controlling weight. When we do not give the treating source's opinion controlling weight, we apply the factors listed in paragraphs (d)(2)(i) and (d)(2)(ii) of this section, as well as the factors in paragraphs (d)(3) through (d)(6) of this section in determining the weight to give the opinion. We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion.[4]

20 C.F.R. § 416.927(d)(2). Thus, although the opinion of a treating source is not necessarily binding, an ALJ is required to set forth some basis for the decision to reject a treating source opinion. Shelman v. Heckler, 821 F.2d 316, 321 (6th Cir. 1987); see also Hickey-Haynes v. Barnhart, 2004 U.S. App. LEXIS 25567 at *9 (6th Cir. Dec. 1, 2004) (noting that in cases where the treating physician rule applies, a reviewing court must evaluate whether the ALJ's decision gave good reasons for failing to give controlling weight to a treating source opinion, as required by the governing Regulation).

In this case, Plaintiff's argument is incorrect because it assumes that Dr. Tikhtman's note constitutes a treating source opinion covered by the restrictions placed on an ALJ by 20 C.F.R.§ 416.927(d)(2). The Regulation governing opinion evidence defines medical opinions, whether derived from a treating source or otherwise, as "statements from physicians and psychologists or other acceptable

---

[4] When a treating source opinion receives less than controlling weight, the factors to be applied are: (1) the length of the treatment relationship and the frequency of examination, (2) the nature and extent of the treatment relationship, (3) supportability, (4) consistency, (5) specialization, and (6) other factors tending to support or contradict an opinion. See 20 C.F.R. § 416.927(d)(2)-(6).

medical sources that reflect judgments about the nature and severity of [the claimant's] impairment(s), including . . . symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. § 416.927(a)(2).

Dr. Tikhtman's note satisfies none of these requirements. That note does nothing more than excuse Plaintiff from work for two (2) months. It does not contain Dr. Tikhtman's judgment regarding the nature and severity of Plaintiff's impairments, nor does it offer a diagnosis, prognosis, or assessment of Plaintiff's limitations and capacity to perform work activities despite those limitations. Thus, Dr. Tikhtman's note cannot be considered opinion evidence for purposes of 20 C.F.R. § 416.927(d)(2). Accordingly, the ALJ's failure to discuss Dr. Tikhtman's note and provide a basis for its rejection was not error.[5]

Shelman, cited by Plaintiff in support of her argument, is distinguishable. 821 F.2d 316. In Shelman, the Court reversed the ALJ's denial of disability benefits because the ALJ's decision improperly discounted the opinion of the claimant's treating physicians that the claimant required the use of a portable oxygen unit. Id. at 320-321. The Court held that "while the ALJ was not bound by the opinions of [the

---

[5] It is of note that in addition to not falling within the definition of a medical opinion under 20 C.F.R. § 416.927(a)(2), Dr. Tikhtman's note also addresses an issue reserved exclusively for the Commissioner, the issue of whether Plaintiff is able to work. See 20 C.F.R. § 416.927(e)(1).

claimant's] treating physicians, [the ALJ] was required to set forth some basis for rejecting [the] opinions." Id. at 321. The treating source opinions in Shelman bear no resemblance to Dr. Tikhtman's note. The treating source opinion in Shelman included a history of the claimant's chronic obstructive pulmonary disease, a diagnosis of pulmonary fibrosis secondary to asbestos and fumes, notation of multiple workups for pulmonary effusions with a thoracentesis, notation of the claimant's remedies, and an objective laboratory finding. Id. at 320-321. The extensive medical opinions in Shelman and Dr. Tikhtman's note in the instant case are simply polar opposites.[6]

## IV. CONCLUSION

The essential issue on appeal to this Court is whether the ALJ's decision finding Plaintiff not disabled is supported by substantial evidence. Abbott, 905 F.2d at 922; see also Jones, 945 F.2d at 1368-69. In the instant case, substantial evidence in the record supports the ALJ's finding that consistent with Plaintiff's vocational factors and RFC, there exists a substantial numbers of jobs in the national economy that Plaintiff could perform. The fact that some of the evidence in the record may support

---

[6] It should be noted that in Wilson v. Comm'r of Soc. Sec., the Court, without directly deciding the question, suggested that it would be a *de minimis* violation of 20 C.F.R. § 1527(d)(2) and harmless error for an ALJ to reject without explanation a patently deficient treating source opinion. 378 F.3d 541, 547 (6th Cir. 2004). It is a fair assumption that Dr. Tikhtman's note is exactly the type of patently deficient treating source opinion that the Court had in mind.

a contrary conclusion is insufficient grounds for reversal. See Casey, 987 F.2d at 1233; Her, 203 F.3d at 389-90. Furthermore, the ALJ was under no obligation to discuss or set forth a basis for rejecting Dr. Tikhtman's March 4, 2004 note. Therefore, for the reasons set forth above,

IT IS ORDERED HEREIN AS FOLLOWS:

(1) Defendant Commissioner's motion for summary judgment (Record No. 12) is hereby GRANTED.

(2) Plaintiff's motion for summary judgment (Record No. 11) is hereby DENIED.

(3) Judgment be entered affirming the Commissioner's decision, dismissing this action with prejudice, and directing that this action be stricken from the Court's docket.

Signed January 11, 2006.



Signed By:
Peggy E. Patterson PEP
United States Magistrate Judge

Date of Entry and Service: